## Michigan Stove Company v. Harwood Hardware Company et al.

1. AGENCY—*Authority Secured Through Fraud.*—The court holds that the testimony in this case clearly shows that certain of the appellees, aided by an attorney, induced the appellant to intrust to the attorney its interests in the matter out of which this suit arose; that the attorney, though assuming to act for the appellant, was in fact acting in behalf of said appellees; that the appellant repudiated the acts of this attorney in due season; and hence that it is not bound by anything he did in the matter, and that appellees can not avail themselves of his ostensible authority in defense of this action.

Assumpsit, on three promissory notes. Appeal from the Circuit Court of McLean County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

A. E. DEMANGE and RALPH F. POTTER, attorneys for appellant.

J. J. MORRISSEY, attorney for appellees, K. B. Harwood and Grace Rogers-Harwood.

OPINION PER CURIAM.

The action below was assumpsit, brought by the appellant company to recover on three notes given to it by the Harwood Hardware Co., K. B. Harwood and Grace

Rogers-Harwood, the Hardware Company being the primary debtor.

K. B. Harwood, when the notes were executed, was president and owner of all the stock of the Hardware Company, and Grace Rogers-Harwood was his wife.

Harwood sold the assets and property of the Hardware Company (except accounts due to it) to one Taylor, and the defense to the notes in suit was that Taylor afterward executed to the appellant company a chattel mortgage to secure the payment of the notes, and that the appellant company failed, through its own negligence, to realize payment of the notes out of the mortgaged property, and also wrongfully deprived the appellees, K. B. and Grace Rogers-Harwood, of an opportunity to have the mortgaged chattel property appropriated to the payment of the indebtedness evidenced by the notes.

We have carefully read the testimony, and without entering upon a recitation of unpleasant details, deem it sufficient to say it clearly appeared K. B. Harwood, acting in behalf of himself and his wife, aided by a young and inexperienced attorney, induced the appellant company to intrust its interest in the matter to said attorney, who, though assuming to act for the appellant company, was in fact acting in behalf of the said K. B. and Grace Rogers-Harwood.

Under the advice of this attorney, the appellant company was led to permit him to take certain steps with relation to the chattel mortgage, and a sale of the property under it, whereby, as appellees now claim, the appellant company became the owner of a portion of the mortgaged property, in part satisfaction of the amount due on the notes given by appellees, K. B. and Grace Rogers-Harwood.

The company, in due season, repudiated the acts of this attorney, and in our opinion the Circuit Court should have ruled it was not bound or concluded by anything he did in the matter, and that the appellees could not avail themselves of his ostensible authority to represent it in defense of the action upon the notes.

In justice to counsel who appears for appellees in this court, it is proper we should here remark he is not the attorney referred to hereinbefore, and there is nothing in his connection with the case inconsistent with the fair and proper discharge of his duty as an attorney and counsellor at law.

The judgment must be and is reversed and the cause remanded.